Barbara Jean **ADCOCK**, Petitioner—
Appellant,

v.

Teena **FARMON**, Warden,
Respondent—
Appellee.

No. 01–17045.
D.C. No. CV–00–01751–MJJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2002.

Decided Oct. 23, 2002.

Before D.W. NELSON, HAWKINS, and WARDLAW, Circuit Judges.

### MEMORANDUM *

We affirm the district court's denial of Adcock's petition for writ of habeas corpus. We recognize that, as in *People v. Swain,* 12 Cal.4th 593, 596, 49 Cal.Rptr.2d 390, 909 P.2d 994 (1996), some possibility of confusion existed with respect to the instructions on conspiracy to commit murder because the jury was not instructed it had to find the specific intent to *kill.* However, the California Court of Appeal did not unreasonably apply the *Brecht* harmless error standard to the facts of this case. *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (question regarding prejudice is whether error "had substantial and injurious effect or influence in determining jury's verdict"); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision

applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.").

Unlike *Swain,* in which the prosecution repeatedly referred to implied malice to support the murder conviction, in this case the prosecutor argued to the jury that even though it was being instructed on lesser offenses, "what this case is about is a willful, deliberate, premeditated murder." Also, the murder instructions in *Swain* involved the mental state required for second degree murder, the same crime that was the object of the conspiracy. In this case, the felony murder instructions involved the intent to commit *robbery,* making it less likely the jury was confused when it deliberated on conspiracy. Furthermore, the jury was told that it had to find Adcock had the specific intent to commit murder, not the specific intent to commit robbery that resulted in a murder. *Cf. People v. Avena,* 13 Cal.4th 394, 417, 53 Cal.Rptr.2d 301, 916 P.2d 1000 (1996) ("the proper instruction that one can be guilty of *murder* on the basis of implied malice not involving an intent to kill, did not state or imply that one could be guilty of a crime which requires a specific *intent to commit* murder without intending to kill") (quoting *People v. Coleman,* 48 Cal.3d 112, 138, 255 Cal.Rptr. 813, 768 P.2d 32 (1989)) (emphasis in original); *see also People v. Carpenter,* 15 Cal.4th 312, 391, 63 Cal.Rptr.2d 1, 935 P.2d 708 (1997).

We are not persuaded by Adcock's argument that the potential for confusion was exacerbated in her case by different instructions given with respect to her codefendant Lockley. We agree with the California Court of Appeal that it is clear from the context of the jury instructions as a whole that the additional instruction was

---

given "in connection with the issue of Lockley's voluntary intoxication" and "merely reinforced the principle that specific intent was an essential element of the offenses," but did not suggest that a different legal standard of proof applied to Adcock.

Accordingly, we do not believe the California Court of Appeal unreasonably determined that the failure to specifically instruct the jury on "intent to kill" had a substantial and injurious effect on the jury's verdict with respect to the conspiracy charge.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.